**In re ADMIRAL'S GATE ASSOCIATES, Debtor.**

**Bankruptcy No. 89–10539.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 12, 1989.

Allan M. Shine, Gregory W. Hamilton, Winograd, Shine & Zacks, P.C., Providence, R.I., for trustee.

Edward J. Bertozzi, Edwards & Angell, Providence, R.I., for First Mut. Bank for Sav.

### ORDER DENYING FIRST MUTUAL BANK FOR SAVINGS' MOTION FOR RELIEF FROM STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on September 19 and 20, 1989, on First Mutual Bank for Savings' ("First Mutual") Motion for Relief from Stay, and the debtor, Admiral's Gate Associate's ("Admiral's Gate") objection thereto. The property in question, which is located on Admiral Kalbfus Road, Newport, Rhode Island, consists of three structures, two of which are occupied by office and technical users, and the third being a combination of office and

warehouse/storage space. On September 19, 1989, the Court, together with counsel and the parties, conducted a view of the entire property as an aid to assessing and understanding the evidence presented.

First Mutual argues that it is entitled to relief pursuant to 11 U.S.C. § 362(d)(1), as well as under § 362(d)(2), on the ground that the collateral is decreasing in value, resulting in lack of adequate protection of its debt; and secondly, that the debtor has not shown that there is a reasonable possibility of a successful reorganization within a reasonable amount of time (citing *United Sav. Ass'n. v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)). The debtor disputes both assertions, arguing that there is no evidence to indicate that the collateral is decreasing in value, and furthermore, that the standard announced in *Timbers, supra*, requires only a demonstration of a reasonable "possibility" of a successful reorganization, not a reasonable "certainty" or "probability" of one. The debtor asserts that this distinction is crucial to our evaluation of its Chapter 11 proceeding and the likelihood of a successful reorganization "within a reasonable amount of time."

Upon consideration of the evidence presented during the two day hearing, the arguments of counsel, and the applicable law, we make the following rulings:

 1. First Mutual's Motion for Relief from Stay pursuant to § 362(d)(1) is DENIED, without prejudice. This ruling is based on our agreement with the debtor's argument that the evidence does not establish that the collateral is decreasing in value, and that therefore, there is no basis for a finding that the Bank's position is being eroded. Put another way, there is no evidence of prejudice to First Mutual if its motion is denied at this time.

2. First Mutual's request for relief from stay based upon § 362(d)(2) is also DENIED, again without prejudice. The fundamental weakness in First Mutual's position on this issue is that its projections are based far into the future (over eight years), often using estimates where actual figures were available. As the debtor correctly points out, the farther the Bank's projections attempt to delve into the future, and the more said projections are based on estimates rather than actual figures, the less reliable they are likely to be, and the more room is left for error and/or inaccuracy. Moreover, and although not alone determinative, but considering the short time lapse since the filing of the petition, June 20, 1989, we would be hard pressed, at this early date to find or conclude as a matter of law that there is no reasonable possibility that the debtor can successfully reorganize within a reasonable amount of time.

3. Finally, we reject the respective positions of the parties as to the time frames within which they ask the Court to operate—namely First Mutual's request for immediate relief from stay, and Admiral's Gate's request for a one year grace period, and instead, set a review date of January 5, 1990, at 10:00 a.m., to consider both the accuracy of the debtor's projections through that date, and to reexamine whether, by that time, there exists a reasonable possibility of a successful reorganization within a reasonable period of time.

Enter Judgment accordingly.